## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SHYMIKKA GRIGGS, *individually and on behalf of all others similar situated,*<br><br>      Plaintiff,<br><br>v.<br><br>NHS MANAGEMENT, LLC,<br><br>      Defendant. | Case No. 2:2022-cv-00565 |

### DEFENDANT NHS MANAGEMENT, LLC'S SUPPLEMENTAL BREIFING ON THE COURT'S SUBJECT MATTER JURISDICTION UNDER CAFA

Spencer Persson (*admitted pro hac vice*)
spencerpersson@dwt.com
Andrew G. Row (*admitted pro hac vice*)
andrewrow@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 633-6800
Fax:              (213) 633-6899

H. Thomas Wells, III (ASB-4318-H62W)
htw@starneslaw.com
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Telephone:  (205) 868-6000
Fax:              (205) 868-6099

{B4517000}

Defendant NHS Management LLC's ("NHS"), in response to this Court's Order (ECF No. 25) ("Order") and Plaintiff's Supplemental Briefing (ECF No. 26), provides this supplemental briefing regarding this Court's jurisdiction to hear Plaintiff Shymikka Griggs' suit under the Class Action Fairness Act ("CAFA").

*First*, as to the four threshold requirements for CAFA, NHS agrees with Plaintiff that, as alleged in Plaintiff's Complaint and buttressed by certain disclosures made by NHS regarding its Notice Letter mailings, the threshold requirements are met. *See* 28 U.S.C. § 1332(d)(2).

*Second,* with respect to the "local controversy exception" in CAFA (28 U.S.C. § 1332(d)(4)), NHS agrees with the Plaintiff that the exception does not apply. Based on the information that NHS knows about the putative class—namely, the mailing addresses NHS used to notify the affected individuals about the data breach—the Parties and the Court lack sufficient information to determine the citizenship of such class members. This is because even though approximately 68% of the mailing addresses for purposes of providing notice of the incident were located in the State of Alabama, that fact alone does not establish citizenship. Indeed, mailing addresses do not establish residency or an individual's intent to remain in Alabama, and the mailing addresses under the facts pled in the Complaint may have, for example, belonged to relatives rather than the putative class members themselves. *See Smith v. Marcus & Millichap*, Inc., 991 F.3d 1145, 1154 (11th Cir. 2021) (recognizing that there are "two separate requirements of citizenship for CAFA jurisdiction purposes: residency and intent to remain"); *see also In Re Sprint Nextel Corp.*, 593 F. 3d 669, 673–674 (7th Cir. 2010) (rejecting even "sensible guesswork" in evaluating the citizenship of putative class members for CAFA and ultimately "agree[ing] with the majority of district courts that a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses"). Moreover, it cannot be said

that the alleged principal "injuries" occurred in Alabama given the mailing addresses of the affected individuals are located throughout the United States. *See Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) ("For the local controversy exception to apply, the principal injuries suffered by the class must be limited to a particular state; it does not apply to cases in which the defendants engaged in conduct that 'could be alleged to have injured [persons] throughout the country or broadly throughout several states.'").[1]

*Finally*, NHS does not believe that the Court has discretion to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3). This "discretionary exception" only applies when more than one-third—but less than two-thirds—of the putative class are citizens of the state of filing (*i.e.,* Alabama). *Id.* For the same reasons discussed *supra* with respect to the local controversy exception, based on the mailing addresses of the affected individuals, neither the Parties nor the Court can determine whether more than one-third of the putative class are citizens of the State of Alabama. *See Smith*, 991 F.3d 1145, 1161–62 (recognizing that the same evidence that failed to prove the citizenship of any member of the class for the local controversy exception "failed to establish that greater than one-third of the class are Florida citizens for purposes of the discretionary exception.")

DATED: February 14, 2023     DAVIS WRIGHT TREMAINE LLP

By: /s/ *Spencer Persson*
   Spencer Persson (admitted *pro hac vice*)
   Andrew G. Row (admitted *pro hac vice*)

STARNES DAVIS FLORIE LLP

   H. Thomas Wells, III (ASB-4318-H62W)

*Attorneys for Defendant*
*NHS Management, LLC*

---

[1] NHS concedes that it is a citizen of the State of Alabama.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                                     */s/ H. Thomas Wells, III*
                                                     OF COUNSEL